UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIK FLOUNTEZ GARDNER                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:23-cv-117-DCB-ASH

LUKE HENDERSON, et al.                                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This cause is before the Court sua sponte. Pro se Plaintiff Erik Flountez Gardner was an inmate at the Lincoln County Jail in Brookhaven, Mississippi, when he filed the instant Complaint under 42 U.S.C. § 1983 on December 28, 2023. Having reviewed the record, the Court finds that because Plaintiff has failed to comply with the Orders of this Court and has failed to provide a current address this civil action should be dismissed.

The Court entered an Order on August 8, 2024, that directed Plaintiff to file a response and provide additional information about his claims. Order [12] at 2. Plaintiff was directed to file his response by August 22, 2024. Id. Plaintiff was also warned that failure to comply or provide the Court with a current address may result in the dismissal of this case. Id. at 3. A copy of that Order [12] was mailed to Plaintiff at his last-known address. On August 16, 2024, the envelope containing that Order [12] was returned as undeliverable. Mail Returned [15] at 1.

When Plaintiff did not comply, the Court entered an Order to Show Cause, directing Plaintiff to respond by September 18, 2024, and state why this case should not be dismissed for failure to obey the Court's prior Order [12] and also to comply with that previous Order [12]. Order to Show Cause [16] at 1-2. The Order to Show Cause warned Plaintiff that his failure to advise the Court of a change of address or failure to timely comply may result in the dismissal of

this case.  *Id*. at 2.   Plaintiff was mailed a copy of that Order to Show Cause [16] at his last-known address.   Again, the envelope containing that Order [16] was returned as undeliverable on September 16, 2024.   Mail Returned [17] at 1.

Since Plaintiff is proceeding *pro se* he was provided one final opportunity to comply with the Court's orders before the dismissal of this case.   On September 25, 2024, the Court entered a Final Order to Show Cause, directing Plaintiff to show cause by October 10, 2024, why this case should not be dismissed for failure to obey the Court's prior orders.   Second and Final Order to Show Cause [18] at 2.   The Final Order to Show Cause specifically warned Plaintiff that his "failure to advise the Court of a change of address . . . or failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to the Plaintiff."   *Id*. 2.   The Final Order to Show Cause also warned Plaintiff that this was his "final opportunity to comply with the Orders [12] [16] of the Court."   *Id*. at 2. The envelope containing that Final Order to Show Cause was returned as undeliverable.   Mail Returned [19] at 1.

Plaintiff has not contacted this Court since he filed his Motion for Leave to Proceed *In Forma Pauperis* [8] on February 27, 2024, and he has failed to comply with three Court Orders [12] [16] [18].   The Court warned Plaintiff on previous occasions that failure to advise of his change of address or failure to comply with the Court's orders would lead to the dismissal of this case.   *See* Final Order to Show Cause [18] at 2; Order to Show Cause [16] at 2; Order [12] at 3; Order [6] at 1-2; Order [5] at 2; Order [2] at 2; Notice of Assignment [1-2] at 1.[1]   It is apparent

---

[1] The envelopes containing the Orders [2] [5] [6] and the Notice of Assignment [1-2] have not been returned by the postal service as undeliverable.

2

from Plaintiff's failure to comply with the Court's orders and his failure to advise the Court of his current address that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (citation omitted). Dismissal without prejudice is warranted. Accordingly, it is

ORDERED AND ADJUDGED that, this civil action is dismissed without prejudice for failure to obey the Court's orders and to prosecute. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the __21st__ day of October, 2024.


                    s/David Bramlette
                    UNITED STATES DISTRICT JUDGE